UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

        Petitioner,

v.                                   CIVIL CASE NO. 07-12774
                                   HONORABLE PAUL V. GADOLA

RAYMOND D. BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

**I.    Introduction**

Brian A. Warren ("Petitioner"), a state prisoner confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1990 guilty plea conviction for which he received a probationary sentence. For the reasons stated, the Court dismisses the habeas petition without prejudice for failure to fully exhaust state court remedies.

**II.    Facts and Procedural History**

Petitioner states that he pleaded guilty to "felony check no account" in the Eaton County Circuit Court on September 8, 1990 and was sentenced to a term of probation. Petitioner did not pursue an appeal of this conviction in the state courts. He has also not filed any other actions in state court challenging this conviction. *See* Petition, pp.1-3. Petitioner states that this conviction was used to enhance sentences that he is currently serving.

1

Petitioner dated his habeas petition on June 28, 2007. In his petition, he asserts that he was deprived of his Sixth Amendment right to appeal and to the appointment of appellate counsel due to indigence because the state court did not inform him of those rights at the time of his plea and sentence. *See* Petition, p.4.

### III. Analysis

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner is required to raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or to show that exhaustion would be futile. *See Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. He admits that he has not fairly presented his habeas claim to the state courts. Petitioner has available avenues

for relief in the state court system to fully exhaust his habeas claim. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claim and then pursue that claim in the Michigan appellate courts as necessary. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

Petitioner asserts that the exhaustion requirement should be excused because the state courts did not provide him a direct appeal with appellate counsel. Any failure of the state trial court to inform Petitioner of his appellate rights and/or appoint counsel on direct appeal does not excuse Petitioner from exhausting his habeas claim in the state courts before seeking federal habeas review. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner failed to exhaust state remedies on claim involving denial of appellate counsel and he could pursue the issue by filing a new state court petition or by seeking state post-conviction relief); *Reynolds v. Lockhart*, 497 F.2d 314, 316-317 (8th Cir. 1974) (petitioner failed to exhaust state remedies regarding denial of appellate counsel where claim had not been presented to the state courts in post-conviction proceedings); *see also Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) (exhaustion not excused as futile merely because state trial court rejected petitioner's request for appointment of counsel where there was no indication that petitioner had previously filed for post-conviction relief or that state court would refuse to consider such a motion); *In Re Joiner*, 58 F.3d 143, 144 (5th Cir. 1995) (exhaustion not excused based upon state court's refusal to appoint counsel for petitioner in state habeas case or petitioner's alleged inability to do a good job *pro se*; petitioner was required to make an effort to exhaust state remedies on his own). Furthermore, there is no constitutional right to counsel in state collateral proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991);

3

*Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005). Petitioner has an available remedy to exhaust his claim in the state courts and he has not shown that exhaustion would be futile or should otherwise be excused.

**IV.     Conclusion**

The Court concludes that Petitioner has failed to fully exhaust state court remedies as to the claim presented in his federal habeas petition.

**ACCORDINGLY, IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. The Court makes no determination as to the timeliness or merits of the petition.

**SO ORDERED.**

Dated:   July 17, 2007                                                                 s/Paul V. Gadola
                                                                                                 HONORABLE PAUL V. GADOLA
                                                                                                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 17, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                                          ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Brian Warren                        .

                                                                                                 s/Ruth A. Brissaud
                                                                                                 Ruth A. Brissaud, Case Manager
                                                                                                 (810) 341-7845

---